## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JASON BORNE | * | CIVIL ACTION NO. |
| Plaintiff | * | 24-cv-00303-JWD-EWD |
| | * | |
| VERSUS | * | DISTRICT JUDGE |
| | * | DEGRAVELLES |
| HOME BANK, N.A., ET AL. | * | |
| Defendants | * | MAGISTRATE JUDGE |
| | * | WILDER-DOOMES |

* * * * * * * * * * * * * * * *

### REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF JURISDICTION OVER THE SUBJECT MATTER

This memorandum is submitted by defendants Home Bank, N.A., Stephen Damore, Newman, Mathis, Brady & Spedale, PLC, Clay LeGros, Wayne Maiorana and Jeffrey Toepfer, to reply to the Objection to Motion to Dismiss [ECF Doc. 7], Objection to the Assignment of Claim to a Magistrate [ECF Doc. 8], Affidavit of Distinguishment [filed as page 3 to the Objection to the Assignment of Claim to a Magistrate] and Notice of Amendment to Claim for Damages [ECF Doc. 6], all filed by plaintiff, Jason Borne.

In defendants' motion to dismiss and memorandum in support, defendants demonstrated why this court does not have subject matter jurisdiction. Mr. Borne's four part response indicates that Mr. Borne has a significantly distorted view of our system of government, our Constitution, our dual sovereignty system that respects the authority of the state governments and the national government, and the role of courts, both state and federal, in the resolution of disputes.

## THE MOTION TO DISMISS, THE FEDERAL SYSTEM OF GOVERNMENT AND THE UNITED STATES CONSTITUTION

Mr. Borne objects to the motion to dismiss, but does not explain how the court has jurisdiction over this case.  In our federal system of government, the power to govern is given by the people to each state, and each state is the ultimate repository of the authority to govern.  Simply by declaring that he is outside of this system of government by not, "...having willingly, freely, and consciously contracted with any STATE and/or any subsidiary, subdivision, or associate thereof..." and that he, "...never ceded any of my inherent and inalienable rights, constitutional guarantees, or independence through citizenship and/or any licensing mechanism, filing, registration, and the like..." does not make it so.[1]

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside.

U.S. Const. amend. XIV §1.  Mr. Borne's individual consent to the application of the law to him, both state and federal, is neither needed or invited.  He is a citizen of the United States by virtue of his birth in the United States and he is a citizen of Louisiana by virtue of his current residence in Louisiana.  The laws, both federal and state, apply to him as much as the to other members of society in this country.

---

[1]    Affidavit of Distinguishment, ¶¶ 4,5.

One of the primary flaws in Borne's vision of government stems from the fact that he fails to realize that the federal government is a government of delegated powers. By consenting to the enactment of the Constitution, the original 13 states agreed that the federal government's powers would be both outlined by and limited by the provisions of that Constitution. That Constitution contains some very broad provisions that sometimes let this concept of limited powers get lost. But the Constitution does not displace state law, unless the Constitution specifically so provides, or unless Congress enacts a law that supercedes state law, as is allowed by the Supremacy Clause.

In 1812, when the citizens of Louisiana formulated a plan of government and asked Congress to be admitted as a state, the citizens, at that time, agreed to cede certain posers to the federal government, as is outlined in the United States Constitution. So, as citizens of Louisiana, we are all bound by the laws of Louisiana, and the laws of the United States. Mr. Borne does not fully recognize that. He indicates that his claims are based in common law, which he sees as something outside of either federal or state law. But he is incorrect in this.

Courts, both state and federal, can draw on the common law of the state whose law is being applied to interpret laws or decide cases. And Congress, by referring to certain common law terms, can incorporate the "common law" into a statute, so that the common law can be relied on to interpret that statute. *See, e.g. United*

*States v. Hansen*, 599 U.S. 762, 772; 143 S.Ct. 1932, 1941; 216 L.Ed.2d 692 (2023) (The Court looked to several common law sources to guide its construction of 8 U.S.C. § 1324(a)(1)(A)(iv)). But the common law is, by and large, state law. Congress is free to abrogate state law, including state common law, when it legislates within its area of delegated powers. Defendants' original memorandum discussed the concept of federal common law, but Mr. Borne appears to disclaim federal common law as a basis for jurisdiction. He surely does not identify any principal of federal common law that would apply to this case.

> But since *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), federal courts have largely disclaimed the power to develop federal common law outside of a few reserved areas. See *Sosa [v. Alvarez-Machain*, 542 U.S. 692, 124 S.Ct. 2739, 159 L.Ed.2d 718 (2004)] 542 U.S. at 740–742, 124 S.Ct. 2739 (opinion of Scalia, J.).

*Turkiye Halk Bankasi A.S. v. United States*, 598 U.S. 264, 287; 143 S.Ct. 940, 955; 215 L.Ed.2d 242 (2023).

Borne does not attempt to articulate a claim that arises under federal common law, because there is none. A generic "common law" claim arises under state law, not federal law. Absent a claim arising under federal common law, there is no federal question jurisdiction to adjudicata a common law claim.

But now, Borne appears to deny the authority of this court to adjudicate the claims that he brought to this court in the first place. His original complaint indicates that he wished to file this claim in the United States District Court for the Middle

District of Louisiana.  Complaint, ECF Doc. 1, p. 1.  But now, according to his latest filings, this court is now "United States of America Common-Law Court, Russell B. Long Courthouse in Baton Rouge, Louisiana."  Objection to Motion to Dismiss, at p. 1.  And he now disclaims this court's authority to sit in judgment:

> This claim will not be subject to any judicial officer's discretion or interpretation, nor does any judicial officer have the authority to dismiss this claim or entertain such statutory mechanisms. This claim is not a "Civil Case" or "cv", as civil law is a legal system in direct contrast with our lawful system of common-law. This claim is not subject to any statute, code, ordinance, local rule, local law, and/or rule of civil procedure, as these are subordinate to the Declaration of Independence and Constitution.

Objection to Motion to Dismiss, p. 1.  So, by fiat, Mr. Borne has changed the name Congress assigned to this court.  28 U.S.C. §98(b).  And he has decided that no judicial officer of this court has authority over his case.  That part is true, because the court lacks subject matter jurisdiction, except to determine its own jurisdiction.

Let's go back to the source document:

> The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish.

U.S. Const. art. III §1.  In 28 U.S.C. §98(b), Congress established this court.  Article III further provides:

> The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority...

U.S. Const. art. III §2.  The federal judicial power, including the authority of a United States District Court, cannot extend further than the Constitution allows.[2]  Chief Justice Marshall, writing for the court, held in *Marbury v. Madison*, 5 U.S. 137; 2 L.Ed. 60 (1803) that Congress could not expand upon the jurisdictional grant contained in Article III.  If Congress cannot do this, surely Mr. Borne is not able to do so.

At no place does Article III give a federal court jurisdiction over suits that arise under the common law.  Unless the citizenship of the parties is diverse, the Constitution allowed those claims to remain with the state courts, and in this case, the court of the State of Louisiana.

Louisiana, upon its entrance to the union in 1812, was not mandated to accept the common law.  In fact, Edward Livingston was successful in convincing Congress not to require that Louisiana adopt the common law, but rather to allow the state to retain its civil law traditions. John E. McAuliffe, Jr., "Louisiana's Legal Legends," 65 La. B.J. 391, 392 (2018). This resulted in the 1808 Digest, the 1825 Civil Code, the 1870 Civil Code and our current Civil Code.  § 1:6. Louisiana Property Law: Civil Codes of 1808, 1825, and 1870, 2 *La. Civ. L. Treatise, Property* § 1:6 (5th ed.) (West. Westlaw, current through September 2023).

---

[2]  The 11th amendment did alter this provision, by eliminating the judicial power over certain suits by citizens of one state against another state, or by citizens or subjects of any foreign state.  U.S. Const. amend. XI.

Other states enacted laws, and many of those states enacted laws that abrogated a common law doctrine that the legislature of that state found no longer acceptable. However, this is all state law, not federal law. So Borne's declaration that his cause of action arises under the common law does not make it so, where Louisiana has never adopted the common law as the law of this state governing civil proceedings. See *Thomas v. Ameritas Life Ins. Corp.*, 34 F.4th 395, 401 (5th Cir.2022).

But even if Louisiana had adopted common law, a suit at common law arises under state law, not federal law, unless a principal of federal common law is involved. In *Westland Oil Dev. Corp. v. Summit Transp. Co.*, 481 F.Supp. 15 (S.D. Tex.1979), *aff'd*, 614 F.2d 768 (Temp. Emer. Ct. App. 1980), the court stated:

> Numerous cases make clear that 28 U.S.C. §§ 1331 and 1337 do not provide for federal jurisdiction over what otherwise appear to be state common law claims. In *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 128, 94 S.Ct. 1002, 39 L.Ed.2d 209 (1974), the Supreme Court held that federal question jurisdiction was improper where Plaintiff brought an action in Quantum *meruit* for the reasonable value of helium it provided to defendant, even though several federal statutes regulated aspects of the transaction and questions of interpretation of those statutes might have arisen in connection with defenses to the action. Lack of federal jurisdiction in the instant case follows *A fortiori* from *Phillips*, since it appears from the face of the complaint that no federal law is an element of either the claim or the defense.

Borne argues the merits of his claim, without addressing the court's authority to adjudicate those claims. But the court cannot

adjudicate the merits of a claim if the court does not have jurisdiction to hear and decide the claim.[3]  Borne states:

> This claim is not proceeding under "federal" jurisdiction and will not be guided by "civil procedure" nor constrained by citizenship requirements. This claim will not be wrangled into a civil case and/or a statute-driven cause, and this court is precluded from coming to Mr. Landry's defense with discretionary decrees that prevent a jury from judging the facts of the matter.

Objection to Motion to Dismiss, p. 2.  However, Article III of the Constitution prohibits this case from ever getting to a jury, as the court, sitting with or without a jury, has no authority to hear the matter.

Mr. Borne has the burden to demonstrate that the court has subject matter jurisdiction, but he appears to believe that he has no such obligation.  Since he cannot demonstrate subject matter jurisdiction, and since he declines to do so, the court has no discretion but to dismiss the matter, without prejudice.

REFERENCE TO A UNITED STATES MAGISTRATE JUDGE

Borne has objected to this matter being referred to the magistrate judge to whom the case was allotted when the case was filed.  But his consent is not needed for this reference, because with this clearly dispositive motion, the magistrate judge will not

---

[3]  Borne seems to think that a jury is a stand alone creature that acts outside of the authority of the court that empanels it.  While it is true that, in a federal court, a party is entitled to a jury trial in a suit at common law if the amount in controversy exceeds $20.00, U.S. Const. amend. VII, this provision does not grant the court subject matter jurisdiction where it does not otherwise exist. And dismissal of a matter for lack of subject matter jurisdiction does not deny the plaintiff its Seventh Amendment right to a jury trial.  *Rosemound Sand & Gravel Co. v. Lambert Sand & Gravel Co.*, 469 F.2d 416, 418 (5th Cir.1972); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 512 (5th Cir.1980).

enter a judgment, but will rather issue a report and recommendation to the district judge.  Rule 72(b)(1), Fed. R. Civ. P.  Any party is free to call to the district judge's attention that party's claim that the magistrate judge got it wrong.  Rule 72(b)(2), Fed. R. Civ. P.  If timely objection is made, the district judge is required to review those portions of the report and recommendation to which objection is made, *de novo*, without any deference to the magistrate judge's opinion.  Rule 72(b)(3), Fed. R. Civ. P.  In any case, the district judge, not the magistrate judge, is the one who ultimately rendered the decision on the motion, and if the decision is to grant the motion to dismiss, the district judge is the one who directs entry of that judgment.

Mr. Borne is fully within his rights to insist that an Article III judge be the one who determines the merits of this case.  And an Article III judge will do so.

This case was originally allotted to District Judge John W. deGravelles, and to Magistrate Judge Erin Wilder-Doomes.  A reference of the dispositive motion in this case to Judge Wilder-Doomes is governed by 28 U.S.C. §636(B), and Congress has created the magistrate judge program to assist the district judges in the timely and expeditious performance of their duties.

In *Mathews v. Weber*, 423 U.S. 261, 271; 96 S.Ct. 549, 554–55; 46 L.Ed.2d 483 (1976), the Supreme Court addressed the benefits obtained by use of magistrate judges:

> The magistrate's limited role in this type of case nonetheless substantially assists the district judge in the performance of his judicial function, and benefits both him and the parties. A magistrate's review helps focus the court's attention on the relevant portions of what may be a voluminous record, from a point of view as neutral as that of an Article III judge. Review also helps the Court move directly to those legal arguments made by the parties that find some support in the record. Finally, the magistrate's report puts before the district judge a preliminary evaluation of the cumulative effect of the evidence in the record, to which the parties may address argument, and in this way narrows the dispute. Each step of the process takes place with the full participation of the parties. They know precisely what recommendations the judge is receiving and may frame their arguments accordingly.

The Fifth Circuit in *Lawson v. Stephens*, 900 F.3d 715, 720 (5th Cir. 2018) stated:

> Article III reserves the power to "dispose of cases or controversies" to Article III judges. So the final authority to decide a case's important issues must lie with the district court, not a magistrate judge. In these situations, magistrate judges are advisors—not deciders.

Footnotes omitted, citing *United States v. Dees*, 125 F.3d 261 (5th Cir. 1997).

Under this statutory scheme and the Federal Rules that implement it, Article III is not implicated, as any party has the right to object to the magistrate judge's report, and the district judge is then required to review that portion of the report de novo. If the parties are satisfied with the report, they have to do nothing, and the district judge will adopt the report and recommendation, and if appropriate, instruct that final judgment be entered.

THE AFFIDAVIT OF DISTINGUISHMENT

According to this affidavit, Jason Borne is not JASON BORNE. He is not a person and his name may not be used in a legal sense. Affidavit of Distinguishment, p. 1, ¶¶ 1-3. It is not precisely clear why this document was filed, or in what way Mr. Borne believes this document will facilitate the resolution of this case. But again, it is pure *fiat*. It adds nothing to this case, as it does not inform any of the arguments, unless, as Mr. Borne appears to argue, that this court does not have the authority to decide this case, as he has not consented to whatever he needs to consent to. But he brought the suit here, and if he does not want it to proceed forward, he is free to ask the court to dismiss it. If he believes that only a jury can adjudicate his case, again, he is wrong. Absent subject matter jurisdiction, the court cannot empanel a jury that has any authority whatsoever.

NOTICE OF AMENDMENT TO CLAIM FOR DAMAGES

With his other papers, Mr. Borne filed a document that appears to be an attempt to amend his complaint. But all the document does is attempt to add one Scott Bernard as a party who has been damaged, and to change what is demanded in the complaint to: A return of the property located at 9920 Highland Road Baton Rouge, Louisiana 70810; a cancellation of the mortgage on the property; $6 million in damages, plus other damages found by a jury and costs.

What is not explained is just who Scott Bernard is, and by what authority Mr. Borne can "add him to the complaint." Mr. Borne

11

is not an attorney, and he cannot represent this Mr. Bernard. And, as a party appearing in proper person, he cannot sue on behalf of another, and seek to recover damages on their behalf. Further, this amendment does not explain just how, "...Mr. Bernard has suffered financial loss and other damages as a result of the instant matter..." Notice of Amendment to Claim for Damages. There is a declaration attached to this document, executed by Mr. Bernard, in which Mr. Bernard states that he has suffered financial loss and other damages because of this civil action, and that he consents to being added as a party.

What is still lacking is any assertion of subject matter jurisdiction. The amendment does not add any federal question, and the addition of Mr. Bernard to this lawsuit does not create diversity, as Mr. Bernard indicates he resides in Louisiana, and the other parties are clearly not diverse. This pleading does not change the inquiry into subject matter jurisdiction. Even if this amendment were allowed, the motion to dismiss is still well founded, and this case must be dismissed.

NEWMAN, MATHIS, BRADY & SPEDALE
A Professional Law Corporation
3501 N. Causeway Blvd., Suite 300
Metairie, LA 70002
Telephone: (504) 837-9040
Facsimile: (504) 834-6452
E-mail: mlandry@newmanmathis.com
E-mail: jtoepfer@newmanmathis.com

By: __/s/Mark C. Landry__
    MARK C. LANDRY
    LA Bar Roll No. 7991
    JEFFREY M. TOEPFER
    LA Bar Roll No. 37336

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served on all parties or counsel of record by placing a copy of same in the U.S. Mail, postage prepaid and properly addressed, this 17th day of June, 2024, to the following:

Jason Borne
13576 Lakeway Drive
Prairieville, LA 70769

Scott Bernard
1113 Range Avenue, #110
Denham Springs, LA 70726

          /s/Mark C. Landry
          MARK C. LANDRY