# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

JASON BORNE                                    CIVIL ACTION NO.

VERSUS                                         24-303-JWD-EWD

HOME BANK, N.A., ET AL.

## ORDER[1]

On or about April 12, 2024, Plaintiff Jason Borne ("Borne"), who is representing himself, filed a form Complaint for a Civil Case. Borne names as defendants Home Bank, N.A. ("Home Bank"); Stephen Damore; Newman, Mathis, Brady & Spedale, PLC; Clay LeGros; Jeffery Toepfer, and Mayne Maiorana (collectively, "Defendants").[2] Borne says he "enacted a mortgage/promissory note on behalf of Emerald Magnolia Properties, LLC, and signed a personal guarantee" for the funding of a loan by Home Bank.[3] According to Borne, the loan was never fully funded. Instead, Home Bank terminated his credit line, "thereby creating its default of the alleged mortgage and establishing its fraud upon the public record wherein it stated the loan was fully-funded."[4] Borne says his property was seized and sold at a sheriff's sale based on an executory process started by Home Bank in Louisiana state court.[5] Borne alleges this case involves "Defendant's [sic] collective commission of fraud, misrepresentation, deceptive practice,

---

[1] Plaintiff Jason Borne has filed an "Objection to the Assignment of Claim to a Magistrate." The undersigned is a magistrate judge, appointed to that office to perform all duties that are permissible under 28 U.S.C. § 636, *et seq.* As this Order does not dispose of any claim in this case, it is permissibly issued as a direct order under 28 U.S.C. § 636 (b)(1)(A), which permits a magistrate judge by designation to "hear and determine any pretrial matter pending before the court," with exceptions not relevant here. Under Local Civil Rule 73, all magistrate judges in this Court "are designated fully to exercise all powers and jurisdiction, and perform to the fullest extent the duties prescribed in 28 U.S.C. 636(a), (b), and (c)."

[2] R. Doc. 1.

[3] R. Doc. 1, p. 9.

[4] *Id.*

[5] R. Doc. 1, pp. 10-11.

conspiracy, and mail fraud through the wrongful enforcement of a mortgage debt."[6]  He asserts

that this Court has federal question jurisdiction under 18 U.S.C. §§ 1001, 1341, and 1343.[7]

On May 30, 2024, Defendants filed a Motion to Dismiss for Lack of Jurisdiction over the

Subject Matter.[8]  Borne then filed a "Notice of Amendment to Claim for Damages," seeking to

add Scott Bernard as an additional plaintiff and increasing the demand for monetary damages from

$4,000,000 to $6,000,000.[9]

### *Subject Matter Jurisdiction*

Regarding subject matter jurisdiction, unlike state district courts, which are courts of

general jurisdiction that can hear all types of claims, federal courts may only entertain those cases

over which there is federal subject matter jurisdiction. There are two primary ways to establish

federal subject matter jurisdiction. First, this Court has subject matter jurisdiction over "civil

actions arising under the Constitution, laws, or treatises of the United States."[10]  This Court also

has subject matter jurisdiction over civil cases where the amount in controversy is more than

$75,000.00, exclusive of interest and costs, and the parties are of completely diverse citizenship

(*i.e.*, all plaintiffs are citizens of a different state than all defendants).[11] A federal court is to

presume that a case lies outside its subject matter jurisdiction, and the burden to establish federal

subject matter jurisdiction is on the party asserting it (here, Borne, because he filed suit in this

Court).[12] Additionally, federal courts have an independent obligation to ensure their own subject

---

[6] R. Doc. 1, p. 9.
[7] R. Doc. 1, p. 3, ¶ II(A).
[8] R. Doc. 2.
[9] R. Doc. 6, p. 1.  The Notice of Amendment to Claim for Damages was filed on June 14, 2024.
[10] 28 U.S.C. § 1331.
[11] 28 U.S.C. § 1332.
[12] *Mourning v. U.S. Dept. of State-Visa Office*, 32 Fed.Appx. 130, at *1 (5th Cir. 2002), *citing Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001).

matter jurisdiction.[13] A federal court may raise on its own at any time the issue of whether subject

matter jurisdiction exists.[14]  When a court does not have subject matter jurisdiction over a case, it

must be dismissed.[15]

Although Borne alleges that this Court has federal question jurisdiction pursuant to 28

U.S.C. § 1331, he has not adequately established federal subject matter jurisdiction in this case.[16]

In support of federal question jurisdiction, Plaintiff cites three federal criminal statutes, specifically

18 U.S.C. §§ 1001, 1341, and 1343.[17]  However, "[n]ot every question of federal law emerging in

a suit is proof that a federal law is the basis of that suit."[18]  In general, "criminal statutes do not

create private causes of action that would establish federal question jurisdiction."[19]  A statute

establishing a federal crime is subject to prosecution by the presiding office of the United States

Attorney,[20] but does not generally provide a private, civil cause of action.[21] For a private right of

action to exist under a criminal statute, "there must be a statutory basis for inferring that a civil

cause of action of some sort lay in favor of someone."[22]  The statutes on which Borne relies

---

[13] *Rivero v. Fidelity Investments, Inc*., 1 F.4th 340, 344 (5th Cir. 2021), citing *Arbaugh v. Y&H Corp*., 546 U.S. 500, 514 (2006).

[14] *McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005).

[15] *Goodrich v. United States*, 3 F.4th 776, 779 (5th Cir. 2021), citing *Nat'l Football League Players Ass'n v. Nat'l Football League*, 874 F.3d 222, 225 (5th Cir. 2017)

[16] R. Doc. 1, p. 3, ¶ II.

[17] R. Doc. 1, p. 3.

[18] *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 115 (1936).

[19] *Gill v. State of Texas*, 153 Fed.Appx. 261, 262-63 (5th Cir. 2005) ("[D]ecisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, Gill has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute ... Therefore, the district court did not abuse its discretion when it dismissed these claims as legally frivolous.") (citations omitted).

[20] To the extent Borne believes that a federal crime has occurred, he may report that crime to the Office of the United States Attorney for the Middle District of Louisiana.

[21] *See, e.g., Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979) ("As we recently have emphasized, 'the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person.' *Cannon v. University of Chicago, supra*, 441 U.S. 677], at 688 [(1979)], 99 S.Ct., at 1953."); *Blaney v. Ovard*, No. 11-223, 2011 WL 766606, at *1 (N.D. Tex. Feb. 8, 2011) ("Not only has plaintiff failed to adequately plead a violation of any state or federal criminal statute, but he cannot maintain a private right of action as a result of any such violation.").

[22] *Ali v. Shabazz*, 8 F.3d 22, 22 (5th Cir. 1993) (internal quotations omitted).

criminalize fraudulent and false statements generally;[23] mail fraud and swindles;[24] and fraud by wire, radio, or television.[25]  These statutes do not provide any statutory basis to conclude that a civil action can be brought by a private citizen.[26]  Because 18 U.S.C. §§ 1001, 1341, and 1343 do not create private causes of action, Borne may not rely on these statutes as a basis to gain access to the federal courts in a civil case.[27]

The Court also considers whether Borne has provided facts to establish diversity jurisdiction under 28 U.S.C. § 1332 by presenting a claim between parties of diverse citizenship that exceeds the required jurisdictional amount of $75,000, exclusive of interest and costs.[28]  While it appears that the required amount in controversy is met based on Borne's initial demand for return of his property, release of the mortgage, and actual damages in the amount of $4,000,000,[29] he has not alleged the citizenship of all parties.  "Complete diversity requires that no plaintiff be a citizen of the same state as any defendant."[30]  Because Borne has not given information regarding the citizenship of the parties (either his own, or any defendant's), diversity jurisdiction is also not apparent from the pleadings.

### Leave to Amend

Since Borne is representing himself and states in his Complaint that he is not an attorney, he will be given a chance to allege specific facts that establish this Court's subject matter

---

[23] 18 U.S.C. § 1001.

[24] 18 U.S.C. § 1341.

[25] 18 U.S.C. § 1343.

[26] *See, e.g., Thomas v. Abebe*, 833 Fed.Appx. 551, 555 (5th Cir. 2020) (affirming the district court's determination that the plaintiff lacked a private cause of action under 18 U.S.C. § 1001).  The Fifth Circuit has also expressly held that there is no private right of action under 18 U.S.C. §§ 3141 or 3143. *See Rhodes v. McCall-N Ltd.*, 2022 WL 3349229, at *4 (S.D. Tex. July 27, 2022), citing *Napper v. Anderson, Henley, Shields, Bradford & Pritchard*, 500 F.2d 634, 636 (5th Cir. 1974) (holding that 18 U.S.C. § 1343 does not provide a private right of action for civil litigants); *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 346 (5th Cir. 1977) (holding the same for § 1341).

[27] *Dillon v. Jobert*, No. 23-5753, 2024 WL 810362, at *4 (E.D. La. Feb. 27, 2024).

[28] *Arbaugh,* 546 U.S. at 513.

[29] R. Doc. 1-1, p. 20.

[30] *Green v. Stubbs*, No. 22-05270, 2023 WL 3516210, at *2 (W.D. La. May 3, 2023), citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.* 545 U.S. 546, 554 (2005).

jurisdiction over his claims, if possible.[31]   By operation of Local Civil Rule 12, Defendants'

Motion to Dismiss will be terminated without prejudice to any Defendant's ability to reurge a

Motion to Dismiss that addresses the allegations as set forth in any amended complaint.

### Borne's Earlier Attempt to Amend Claims

The Court additionally addresses Borne's attempt to amend his Complaint to add Scott

Bernard as a plaintiff and to increase the demand for monetary damages from $4,000,000 to

$6,000,000.[32]   Because Borne is not a lawyer and is not represented by a lawyer in this case, he

cannot bring claims on behalf of another person.[33]   For this reason, the Clerk of Court will be

instructed to strike the Notice of Amendment to Claims for Damages.   To the extent Scott Bernard

wishes to bring a claim in this case, he must represent himself and must sign any complaint that

attempts to bring claims on his behalf, or he must be represented by a licensed lawyer. To the

extent Borne seeks to increase the amount of damages demanded on his own behalf to $6,000,000,

he should include that information in any amended complaint.

Accordingly,

**IT IS ORDERED** that, by no later than **July 19, 2024**, Plaintiff Jason Borne must file a

comprehensive amended complaint (*i.e.*, a complaint that includes all of Plaintiffs' numbered

allegations, as revised, supplemented, and/or amended), stating specific facts to establish that this

Court has federal subject matter jurisdiction.[34]   Borne is placed on notice that this lawsuit must be

---

[31] *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994). *See also, e.g.*, *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567-68 (N.D. Tex. 2005) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").

[32] R. Doc. 6.

[33] *Rodgers v. Lancaster Police and Fire Dept.*, 819 F.3d 205, 210 (5th Cir. 2016) ("It is axiomatic that an individual may proceed *pro se* in civil action in federal court, *see* 28 U.S.C. § 1654, but it is equally certain that those not licensed to practice law may not represent the legal interests of others, *see Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978)).

[34] Plaintiff is advised that *Representing Yourself in Federal District Court: A Handbook for Pro Se Litigants* is available on the Court's website under the "Filing Without An Attorney" tab and also at http://www.lamd.uscourts.gov/sites/default/files/Pro%20Se%20Handbook%20v2019-2.pdf.

dismissed if he files an amended complaint that fails to adequately state a basis for the Court's subject matter jurisdiction.

**IT IS FURTHER ORDERED** that, by operation of Local Civil Rule 12,[35] the Clerk of Court is instructed to **TERMINATE** the Motion to Dismiss For Lack of Jurisdiction over the Subject Matter,[36] filed by Defendants Home Bank, N.A.; Stephen Damore; Newman, Mathis, Brady & Spedale, PLC; Clay LeGros; Wayne Maiorana; and Jeffrey Toepfer. The termination is without prejudice to the ability to of any defendant to reurge a Motion to Dismiss addressing the allegations as set forth in any Amended Complaint filed by Borne. As the Motion to Dismiss is terminated, the Combined Motion for Leave to Exceed the Page Limits and Motion to Substitute Incorrect Pleading,[37] filed by Defendants, is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **STRIKE** without prejudice the Notice of Amendment to Claims for Damages,[38] filed by Plaintiff Jason Borne, as improperly filed. To the extent Scott Bernard wishes to bring a claim in this case, he must represent himself and must sign any complaint that attempts to bring claims on his behalf, or he must be represented by a licensed lawyer. To the extent Borne seeks to increase the amount of damages demanded on his own behalf to $6,000,000, he should include that information in any amended complaint.

**IT IS FURTHER ORDERED** that the Clerk of Court shall transmit this Notice and Order to Plaintiff Jason Borne by regular mail and by certified mail, return receipt at the address listed on PACER.

---

[35] Local Civil Rule 12 provides as follows: "If the Court grants leave to allow a party to file an amended complaint while a motion to dismiss pursuant to Fed. R. Civ. P. 12 is pending, the Clerk will terminate the pending motion to dismiss without prejudice to the party to refile if grounds exist therefor based upon the allegations contained in the amended complaint.
[36] R. Doc. 2.
[37] R. Doc. 13.
[38] R. Doc. 6.

**This lawsuit may be dismissed by the Court without further notice for failure to timely comply with this Order.**

Signed in Baton Rouge, Louisiana, on June 21, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**